UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACKLIN ALLISON, et. al., <br><br>                 Plaintiffs, <br><br> v. <br><br> THE AMERICAN DENTAL ASSOCIATION, THEIR CONSTITUENT ASSOCIATIONS AND/OR SOCIETIES, THEIR MEMBERS AND THE MEMBERS MARITAL ESTATES, ALL STATE DENTAL ASSOCIATIONS/SOCIETIES, ALONG WITH THEIR MEMBERS AND THE MEMBERS MARITAL ESTATES, <br><br>                 Defendants. | Case No. 2:12-cv-00160-CWD <br><br> **ORDER RE: DKT. 2, 3, 4, 5, 6, 7, 10, 15, 16, 20, and 21.** |

## INTRODUCTION

The Court has before it eleven motions, ten of which were filed by pro se plaintiffs in this matter, listed above. Although numerous defendant organizations, as well as all of the members of the named defendants, are named as defendants, only one Defendant, the American Dental Association, has appeared in this matter. Defendant has requested an

**ORDER - 1**

extension of time to file a response to the various motions and the Complaint. Therefore, no responses have been filed to the motions.

Upon review, the Court finds that the facts and legal arguments are adequately presented in the briefs and record without the need for additional briefing. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument or further responsive briefs, the motions will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d). In addition, the Court will decide the motions without benefit of a response from Defendant under its inherent power to manage its affairs so as to achieve the orderly and expeditious disposition of cases. *See, e.g., U.S. v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008).

Further, not all parties who have appeared have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Several orders discussed below may be construed as the entry of a final order. Therefore, the Court will ask the Clerk of the Court to reassign this case to a United States District Judge to consider the Court's recommended order on the pending motions.

## BACKGROUND

On March 29, 2012, Plaintiffs filed a complaint against the above named defendants alleging various constitutional violations related to Plaintiffs' practice of denturity. (Dkt. 1.) Plaintiff Jacklin Allison is the only named plaintiff who signed the complaint, although a signature page was submitted later, on September 6, 2012. (Dkt. 1, 17.) On March 29, 2012, April 13, 2012, and May 4, 2012, "Movant Keith Allison"

submitted a request to submit a "friend of the court brief," a "motion for submission of facts," and a "motion to submit statement of case."  (Dkt. 2, 3, 6.) On May 1, 2012, and May 3, 2012, Plaintiff Jacklin Allison submitted two motions and affidavits for default judgment. (Dkt. 4, 5.) On May 22, 2012, Plaintiff Jacklin Allison submitted a motion to "submit attachments as additional evidence." (Dkt. 7.) On June 12, 2012, a summons was issued as to the Defendant American Dental Association. (Dkt. 8.) On June 29, 2012, Jacklin Allison caused the summons to be returned executed and filed with the Court. (Dkt. 9.) On July 25, 2012, Plaintiff Jacklin Allison again filed a motion for default judgment. (Dkt. 10.)

On August 27, 2012, the American Dental Association filed a notice of appearance, and on August 30, 2012, filed a motion for extension of time to file a response to the various pleadings on file at that time. (Dkt. 11, 15.)

On August 27, 2012, the Clerk of Court caused to be issued a Notice of Assignment to Magistrate Judge and Requirement for Consent to both Plaintiff Jacklin Allison and Defendant American Dental Association. (Dkt. 12.) Presumably in response to that notice, Plaintiff Jacklin Allison filed a "Motion to Dismiss/Ignore Defendant's Motion to Change Judges." (Dkt. 16.) On September 17, 2012, Plaintiff Jacklin Allison filed a motion for temporary restraining order. (Dkt. 20.) And on September 19, 2012, Plaintiff Jacklin Allison filed a "demand for jury trial on this matter on 28 November 2012." (Dkt. 21.)

To manage the docket and the numerous serial filings, the Court on September 19, 2012, entered an order deeming the motions filed under advisement, and ordering

Plaintiffs to cease filing any further motions until the eleven pending motions were ruled upon by the Court. (Dkt. 22.)

**DISPOSITION**

1.      **Motions to Submit Evidence, Docket 2, 3, 6, and 7**

Movant Keith Allison submitted a "motion to submit a friend of the court brief," "motion for submission of facts," and "motion to submit statement of case and/or statutory laws." The motion to submit a friend of the court brief appears to be a motion requesting the filing of an amicus brief. The Court has broad discretion to appoint amicus curiae. *Knox v. U.S. Dept. of Interior*, 2011 WL 2837219 *1 (D. Idaho July 9, 2011). However, leave to file an amicus brief should be denied unless a party is not represented competently or at all, a decision in the present case may affect the interest of the amicus in another case in which he has an interest, or the amicus has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Greater Yellowstone coalition v. Timchak*, 2008 WL 4911410 *6 (D. Idaho Nov. 13, 2008) (quoting *Community Ass'n for Restoration of Environment (CARE) v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D.Wash.1999)).

The Court finds that Keith Allison, who incidentally is named in the caption of the Complaint, does not meet any of the criteria to justify amicus status. He has not presented "unique information or perspective," considering the same information in the motion is presented in the Complaint in which he is named as a plaintiff in the caption. As a named plaintiff, his interests are represented in this lawsuit. And, Mr. Allison has not identified

any other case in which he has an interest that the outcome of this matter may affect. Accordingly, the motion (Dkt. 2) should be denied.

The two additional motions filed by Mr. Allison, Docket Nos. 3 and 6, appear to contain factual assertions, claims, and argument in support of or in addition to Plaintiffs' claims set forth in the Complaint. They do not request any particular court order, as required by Fed. R. Civ. P. 7. Nor do the motions conform with the requirements of Dist. Idaho L. Rule 7.1. And the motions do not comply with Fed. R. Civ. P. 15, which governs motions to amend the complaint prior to trial. Further, the motions do not seek any particular relief other than what is stated already in the Complaint. For all of those reasons, the motions will be denied.

Plaintiff's Motion to Submit Attachments Numbers One and Two as "additional evidence," on the other hand, does seek specific relief from the Court other than what is already described in the Complaint. Docket 7 seeks to have the attachments considered along with the complaint. Accordingly, Docket No. 7 may be granted, and the attachments considered as attachments to the Complaint.

## 2.    Motions for Default Judgment, Docket 4, 5, 10

Fed. R. Civ. P. 55(a) permits a party to request the Clerk of Court to enter a party's default if the failure to plead or otherwise defend is shown by affidavit or otherwise.  Once the Clerk has entered default, the plaintiff can move the Court for a default judgment if the claim is for anything other than a sum certain. Fed. R. Civ. P. 55(b).

ORDER - 5

The first two motions, Docket Nos. 4 and 5, do not contain the proper affidavit indicating that any defendant had been served with a copy of the summons and complaint prior to Plaintiff Allison filing the motions for default on May 1 and 3, 2012, respectively. According to the record, no summons was issued until June 12, 2012. (Dkt. 8.) Therefore, Plaintiffs have not satisfied Rule 55. Defendants cannot defend something of which they have no notice. Docket Nos. 4 and 5 should therefore be denied.

As for Docket No. 10, another motion for default judgment filed on July 25, 2012, it, too, is non-compliant with Rule 55. Although it appears from the record that the summons issued to the American Dental Association was returned, the motion itself does not contain the required affidavit contemplated by Fed. R. Civ. P. 55 and 4. Further, the Court cannot enter a default judgment without a hearing, since no sum certain capable of ready computation is stated in the Complaint. Finally, albeit late, Defendant American Dental Association filed a notice of appearance on August 27, 2012, (Dkt. 11), and indicated it wished to respond to the various motions, as well as to the complaint, in its motion for extension (Dkt. 15.) The Court therefore finds in this case that Defendant American Dental Association has indicated its intent to defend and a Clerk's default would not be appropriate.

Moreover, even if the Court entered default against Defendant, the Court would not enter default *judgment* as such a decision is discretionary and not justified in this case for the reasons expressed in *Goodrick v. Anderson*, 2009 WL 4548984 at *2 (D. Idaho

ORDER - 6

Nov. 27, 2009).[1]  Defendant's motion for extension indicates that service of process may have been defective, thereby constituting a legally valid reason for the late response. For all of these reasons, the motion (Dkt. 10) should be denied.

**3.      Motion to Dismiss/Ignore, Docket 16**

Plaintiffs filed this motion on September 6, 2012, seeking "to not dismiss the current judge from this case and bring in another . . . ." The motion references Washington state court judge F. James Gavin, but it is unclear what relationship Judge Gavin has to this matter. Plaintiffs assert that the Court should "ignore the defendants [sic] request for a different judge."

However, no such defense motion seeking to disqualify the undersigned Magistrate Judge has been filed. Rather, this Court caused to be sent on August 27, 2012, a Notice of Assignment to Magistrate Judge and Requirement for consent to both Plaintiff Allison and Defendant American Dental Association. The Notice explained to the parties that the exercise of jurisdiction over this matter was conditioned upon the consent of the parties who have appeared in this matter, referencing 28 U.S.C. § 636 and Fed. R. Civ. P. 73. The Court provided an explanation of what that meant, and informed the parties that they could return the consent form, or request reassignment of this matter to a District Judge. If all consents are not received by October 29, 2012, the Notice explained that the matter would automatically be reassigned to a District Judge.

---

[1] *Goodrick* set forth seven factors  which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 2009 WL 4548984 *2.

Accordingly, the parties may follow the instructions in the Notice, and either consent to magistrate judge jurisdiction, or request reassignment to a district judge to conduct all further proceedings in this matter. Therefore, to the extent Plaintiff's motion purports to seek any relief, no relief is required because the motion is not responsive to any motion filed by Defendant. The motion (Dkt. 16) should be denied.[2]

### 4.      Defendant's Motion for Extension of Time, Docket 15

Defendant American Dental Association on August 30, 2012, requested an extension of time to file a response to Plaintiffs' complaint, as well as to the various motions. In its motion, Defendant explained that counsel had recently been retained, and was evaluating the sufficiency of process and sufficiency of service of process, as well as the merits of the allegations in the Complaint, including defenses thereto, such as the failure to state a claim upon which relief can be granted. Defendant filed its motion more than sixty days after the June 28, 2012, deadline for responding to the Complaint. (Dkt. 9.) Plaintiffs contend that the motion should be denied, because it will delay adjudication of the complaint. Plaintiffs reference also "two 20 day extensions to respond with which they have failed to comply."

Fed. R. Civ. P. 6 applies to the motion for extension. Under Rule 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is

---

[2] Despite the Notice, however, this Court will be reassigning this matter to a United States District Judge for entry of the recommended order. Nevertheless, the parties may, at any time, indicate their consent to proceed before a United States Magistrate Judge.

ORDER - 8

excusable requires consideration of four factors: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir.2001) (citing *Pioneer Inv. Services Co. v. Brunswick Assoc. P'ship*, 507 U.S. 380, 395 (1993).

First, Defendant appeared August 27, 2012, not long after the docket on June 29, 2012, reflected Defendant had potential notice of this lawsuit. Thus, the length of delay is not significant. Second, this Court has not granted either party any extensions, and there is no indication Defendant acted in bad faith in waiting to file its motion. Defendant's motion explained counsel recently had been retained, and was evaluating the sufficiency of the Complaint. Prejudice to the Defendant would be greater than to the Plaintiffs if the extension request is denied, considering the lawsuit is in its early stages and Plaintiffs have not demonstrated any prejudice other than mere delay. Further, there is a strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Goodrick*, 2009 WL 4548984 at *2. If the Court were to deny the motion, Defendant would be denied the opportunity to respond to the allegations, even though it has expressed intent to do so. And finally, the Court notes one of the reasons for Defendant's tardy response and late-filed motion for extension may be the result of insufficient service, which provides a plausible explanation for the delay.

Accordingly, on the record before the Court, Plaintiffs have not demonstrated prejudice, and Defendant has satisfied the excusable neglect standard for its late filed motion for extension. The motion (Dkt. 15) should be granted.

ORDER - 9

**5.      Motion for Temporary Injunction, Docket 20**

Temporary restraining orders are designed to preserve the status quo pending the ultimate outcome of litigation. They are governed by Federal Rule of Civil Procedure 65(b), which requires the moving party to show that "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party ... can be heard in opposition...." Under Rule 65(b) and Ninth Circuit case law, a plaintiff may obtain a temporary restraining order only where he or she can "*demonstrate* immediate threatened injury." *See, e.g., Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir.1988) (emphasis in original). The party seeking the temporary restraining order or preliminary injunction must prove the prerequisites by clear and convincing evidence. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 441 (1974).

The standards for a restraining order are basically the same as for a preliminary injunction. While courts are given considerable discretion in deciding whether a preliminary injunction should enter, and injunctive relief is not obtained as a matter of right, it is also considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *See Sampson v. Murray*, 415 U.S. 61 (1974); *Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co* ., 363 U.S. 528 (1960); *Stanley v. Univ. of Southern California*, 13 F.3d 1313 (9th Cir.1994).

**ORDER - 10**

In the case of *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 674-675 (9th Cir.1984), the Ninth Circuit stated that a party seeking preliminary injunctive relief must meet one of two tests. Under the first,

> a court may issue a preliminary injunction if it finds that: (1) the [moving party] will suffer irreparable harm if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving] party will not be harmed more than [the moving party] is helped by the injunction, and (4) granting the injunction is in the public interest.

*Id.* (internal quotations and citations omitted); *Stanley v. Univ. of Southern California*, 13 F.3d 1313, 1319 (9th Cir.1994). Under the second, the movant must show "either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits." *Miller v. California Pacific Medical Center*, 19 F.3d 449, 456 (9th Cir.1994) (en banc). This alternative test is on a sliding scale: the greater the likelihood of success, the less risk of harm must be shown, and vice versa. *Id.*

Speculative injury is insufficient to support a finding of irreparable harm. As the Ninth Circuit has stated in *Caribbean Marine Service Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir.1988):

> Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction ... a plaintiff must do more than merely allege imminent harm to establish standing, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.

The Court finds at this time Plaintiff, or Plaintiffs,[3] have failed to establish that this Court can grant the relief requested, and failed to establish irreparable harm. As an initial matter, this Court does not appear to be able to grant Plaintiffs the relief requested. Plaintiff seeks an injunction to restrain "defendants and/or any and all state government entities" from enforcing certain legislation against denturists. However, the text of this legislation has not been provided to the Court. It is unclear whether the referenced legislation has even been considered by any state legislature, including the State of Idaho's legislature. Even if the referenced legislation were on the brink of being enacted, the Court cannot provide nationwide relief. *See* Idaho Code § 5-514(b) and 28 U.S.C. § 1391(a).[4] And no state government, including the State of Idaho, has been sued or named in this lawsuit.

Finally, Defendant American Dental Association does not appear to be able to enact laws. Plaintiffs have not set forth what acts, if any, of the American Dental Association need to be enjoined. Thus, there is nothing, at least as to the American Dental Association, that the Court can enjoin. Rather, the State of Idaho enacts laws, and has entrusted the regulation of professions such as Denturists to a state agency, the Idaho Bureau of Occupational Licenses. *See* Idaho Code § 54-3301 *et. seq*.; IDAPA 24.16.01. Currently, denturists are required to obtain a license in order to practice denturity in the state of Idaho. Idaho Code § 54-3304. This law has been in effect from and after April 1, 1983. Plaintiffs have not provided this Court, as previously stated, with the text of any

---

[3] Only Plaintiff Allison appears to be filing motions. No other plaintiff has filed a motion, even though some of the named plaintiffs appear to have signed the instant motion.
[4] If Plaintiffs are indeed encompassing other state laws within their complaint, venue would not be appropriate in Idaho, nor would Idaho have jurisdiction to enjoin passage of another state's laws.

legislation that proposes to change the current law, or how the American Dental Association is involved with its passage.

Second, Plaintiffs have failed to establish irreparable harm. Plaintiffs represent that they seek a restraining order against Defendants to allow Plaintiffs to return to their practice of denturity. However, Plaintiffs have not set forth facts, by affidavit or otherwise, that there are any acts by Defendant American Dental Association, or any other named defendant, that would prevent Plaintiffs from either becoming a denturist or continuing to practice denturity in the State of Idaho or elsewhere. Denturity is currently a licensed profession in the State of Idaho. Provided one meets the requirements set forth in Idaho Code § 54-3301 *et. seq*., an individual can practice denturity in the State of Idaho. Thus, this Court fails to see the harm that exists.

Finally, an injunction is designed to protect the status quo, which in this case, is the maintenance of the current laws and rules governing the practice of denturity in the State of Idaho. The Denturity Practice Act has been in effect since April of 1983. Provided Plaintiffs meet the requirements of this law, they may practice Denturity in the State of Idaho.[5] Other than the existing state statute, the Plaintiffs have not identified any other law or act of Defendants that the Court may enjoin from being enforced such that the status quo may be maintained. Thus, there is no relief that can be granted, and the motion should be denied.

---

[5] All of the Plaintiffs appear to be from states other than Idaho, including one Plaintiff who hails from Barbados, several from Washington, and three from Texas. Plaintiffs Jacklin Allison and Keith Allison are from Yakima, Washington. It is unclear from Plaintiff's motion for injunction how these Plaintiffs have been harmed by Idaho's laws.

**ORDER - 13**

**6.**     **Plaintiff's Demand for Jury Trial, Docket 21**

In this motion, Plaintiffs demand a jury trial and request the Court to set it for a hearing before a jury on November 28, 2012, in the afternoon, before Judge Dale. While the Court appreciates that Plaintiffs wish to move this matter along, the Federal Rules of Civil Procedure allow for motion practice, a scheduling conference hearing, the setting of deadlines as a result of that hearing, an opportunity to conduct discovery, and finally, the scheduling of a trial on a date or dates amenable to both sides, as well as dictated by the demands of the Court's schedule. *See* Fed. R. Civ. P. 6; 12; 15; 16; 26—37; 40 and 56; Dist. Idaho L. Rule 7.1, 16.1, 16.2, and 16.3. Furthermore, Plaintiff's motion conflicts with its numerous filings. On the one hand, Plaintiffs seek default and a restraining order, yet now wish for a jury trial on a specific date a mere two months from now.

Plaintiff's motion will therefore be denied. Instead, the Court will order that Defendant American Dental Association submit an answer or otherwise respond to the Complaint on or before October 22, 2012. At that time, the Court will issue any further orders it deems necessary under Dist. Idaho L. Rule 16.1.

**ORDER - 14**

**CONCLUSION**

Other than Plaintiff's Motion to Submit Attachments, (Dkt. 7), the remaining motions filed by Plaintiffs either lack merit, or request relief which cannot be granted. There is good cause, however, to grant Defendant's motion for extension, and it should be granted. However, as explained above, the parties who have appeared have not yet consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636. Therefore, the Court will reassign this case to a United States District Judge to consider the Court's recommendations set forth herein, and to enter the below order.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

The Clerk is directed to reassign this case to a District Judge for consideration of entry of an order as follows:

1) **DENY** Plaintiff's Motion to Submit a Friend of the Court Brief (Dkt. 2);

2) **DENY** Plaintiff's Motion for Submission of Facts (Dkt. 3);

3) **DENY** Plaintiff's Motion and/or Affidavit for Default Judgment (Dkt. 4);

4) **DENY** Plaintiff's Motion and/or Affidavit for Default Judgment (Dkt. 5);

5) **DENY** Plaintiff's Motion to Submit Statement of Case and/or Statutory Laws (Dkt. 6);

6) **GRANT** Plaintiff's Motion to Submit Attachments (Dkt. 7).  The attachments will be considered as attachments to the Complaint;

7) **DENY** Plaintiff's Motion  for the Court to Issue a Default Judgment (Dkt. 10);

8) **GRANT** Defendant American Dental Association Motion for Extension of Time to File (Dkt. 15), and order Defendant to submit an answer or otherwise respond to the Complaint on or before **October 22, 2012**;

9) **DENY** Plaintiff's Motion to Dismiss/Ignore Defendants Motion to Change Judges (Dkt. 16);

10) **DENY** Plaintiff's Motion for Temporary Restraining Order (Dkt. 20); and

11) **DENY** Plaintiff's Demand for a Jury Trial On This Matter on 28 November 2012 (Dkt. 21).

Dated: **September 24, 2012**

Honorable Candy W. Dale
United States Magistrate Judge

ORDER - 16