UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACKLIN ALLISON, et. al., <br><br>　　　　　　Plaintiffs, <br><br>v. <br><br>THE AMERICAN DENTAL ASSOCIATION, THEIR CONSTITUENT ASSOCIATIONS AND/OR SOCIETIES, THEIR MEMBERS AND THE MEMBERS MARITAL ESTATES, ALL STATE DENTAL ASSOCIATIONS/SOCIETIES, ALONG WITH THEIR MEMBERS AND THE MEMBERS MARITAL ESTATES, <br><br>　　　　　　Defendants. | Case No. 2:12-cv-00160-CWD <br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

The Court has before it Defendant American Dental Association's Motion to dismiss all claims without leave to amend, or in the alternative, a motion for more definite statement. (Dkt. 34, 35.) Pro Se Plaintiff Jacklin Allison filed a Motion to Submit Federal Trade Commission Decision on Non-Dentists providing Teeth Whitening

**REPORT AND RECOMMENDATION - 1**

Services. (Dkt. 41.) The Motions were filed on October 22, 2012, and November 21, 2012. Defendant's motion is fully briefed and ripe for review.

Upon review, the Court finds that the facts and legal arguments are adequately presented in the briefs and record without the need for additional briefing. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument or further responsive briefs, the motions will be decided on the record without oral argument. Dist. Idaho L. Rule 7.1(d).

## BACKGROUND

On March 29, 2012, Plaintiffs filed a complaint against the above named defendants alleging various constitutional violations related to Plaintiffs' practice of denturity. (Dkt. 1.) Plaintiff Jacklin Allison is the only named plaintiff who signed the complaint, although a signature page was submitted later, on September 6, 2012. (Dkt. 1, 17.) The Complaint appears to allege that all named defendants have "defraud[ed] plaintiff's [sic] of their Rights to labor at their chosen occupation" and have monopolized the provision of dentures directly to the public by the enactment of state statutes. The complaint does not specifically identify any particular state statute, and appears to be directed at legislation in all fifty states. Plaintiffs contend that the "dental practice acts," without specifically identifying any particular act, are unconstitutional because they prohibit anyone except a licensed dentist from providing denture services to the public.

Although Plaintiffs named the American Dental Association, "all" state dental associations, and their "members" in generic terms, only the American Dental

**REPORT AND RECOMMENDATION - 2**

Association received notice of this lawsuit. A Summons was returned executed on June 29, 2012. The Proof of Service indicated that the summons was served by Billy Nash on June 4, 2012, by leaving the summons with Madeline Gangnes at the American Dental Association's office at 211 East Chicago Ave., in Chicago, Illinois.

The affidavit of Gangnes filed in support of the Association's motion to dismiss contains a true and correct copy of the packet left with the Association receptionist on June 7, 2012. Gangnes is currently employed by the Association as a coordinator in the legal division. The pleading left with the Association is slightly different than the form filed with the Court. For instance, the pleading left with the Association contains an e-mail address regarding "DouglasK" from "spcomgp@q.com," which is not contained in the caption filed with this Court. Further, the Complaint and Summons left with the Association were unsigned.

The Association's motion seeks dismissal of Plaintiffs' complaint on four grounds. First, the Association alleges lack of effective service under Fed. R. Civ. P. 12(b)(5). Second, the Association contends that the Plaintiffs' claims do not meet the pleading standards under Rule 8(a) and Rule 10. Third, the Association asserts that the complaint fails to state a claim under Rule 12(b)(6). And finally, the Association cites several cases, five in all, wherein identical claims Plaintiffs brought against the Association have been dismissed in other jurisdictions.[1] The Association therefore argues that principles of res

---

[1] The Court may take judicial notice of matters of public record filed in other district courts, including judicial decisions.

**REPORT AND RECOMMENDATION - 3**

judicata bar Plaintiff's claims, and attach the various decisions considering similar matters. The Association contends that Plaintiffs should not be given leave to amend.

Plaintiff Jacklin Allison filed a response on October 24, 2012, which did not directly address the Association's arguments. Rather, Allison contends that the Association's arguments are "nothing but a bald faced lie in order to avoid allowing this case to proceed to a trial by a jury of our peers."

## DISPOSITION

**1.    Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent

with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

In a more recent case, the United States Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Providing too much in the complaint also may be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon SmithBarney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The United States Court of Appeals for the Ninth Circuit has held that, "in dismissals for failure to state a claim, a

**REPORT AND RECOMMENDATION - 5**

district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether she "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**2.      Service**

Rule 12(b)(5) permits a defendant to assert the defense of insufficient service of process by motion. Serving a corporation, partnership, or association requires delivery of a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized to receive service of process. Rule 4(h)(1)(B). The complaint must be signed by a party or that party's attorney. Fed. R. Civ. P. 11(a). In addition, the summons must be signed by the Clerk of the Court and bear the court's seal. Fed. R. Civ. P. 4(a)(1)(F), (G).

**REPORT AND RECOMMENDATION - 6**

According to the affidavit submitted by the Association, none of these rules were followed. None of the plaintiffs signed a copy of the complaint left with the Association. The Summons contains a signature line for the clerk of the court to sign the summons, and it is blank. Gangnes, who actually was the recipient of the summons from an unknown person within the Association, does not state that she is an officer, managing or general agent, or other agent authorized to receive service of process on behalf of the Association. Allison has not refuted these deficiencies.

Under any of the applicable rules, Plaintiffs' service is invalid. Accordingly, the Court should grant the Association's motion to dismiss for lack of proper service.

### 3. Regulation of Denturists

The State of Idaho has regulated the practice of denturity in Idaho since April 1, 1983, pursuant to the Freedom of Choice of Dentures Act. Idaho Code § 54-3304.[2] The 1983 law created a new regulatory Board of Denturity, and added a set of regulations governing denturists. IDAPA 24.16.01; Idaho Code § 54-3307. Upon authorization by the Board of Denturity, the Bureau of Occupational Licenses issues and denies denturists licenses, governs unauthorized practice, and disciplines licensed denturists. Idaho Code § 54-3309; IDAPA 42.16.01.480. Prior to enactment of the Act, Idaho had regulated the practice of dentistry and the work of dental technicians, thereby indirectly regulating the

---

[2] The practice of denturity is defined as the making, fitting, constructing, altering, reproducing or repairing of a full upper or lower removable prosthetic denture, the repairing of a removable partial upper or lower prosthetic denture, and the furnishing or supplying of such a denture directly to a person or advising the use of any such denture. Practice also includes the taking or making, or the giving of advice, assistance or facilities respecting the taking or making of any impression, bite, cast or design preparatory to, or for the purpose of making, constructing, fitting, furnishing, supplying, altering, repairing or reproducing any such full upper or lower removable prosthetic denture. Idaho Code § 54-3303(d).

**REPORT AND RECOMMENDATION - 7**

unauthorized acts of denturists. *See Board of Dentistry v. Barnes*, 94 Idaho 486 (Idaho 1971) (issuing an injunction under the statute relating to practice by dental technician against a dental technician who replaced dentures in the mouth of a patient).

Plaintiffs' complaint appears to attack the Association and the other named associations for advocating licensure policies, and avers that there is some broad conspiracy to enact legislation or regulate the licensing of denturists. For example, the complaint states that "Defendants have invoked statutes under color of state laws depriving plaintiff's [sic] of their right to labor at their chosen occupation," and "monopolized the provision of . . . dentures" by the enactment of state statutes. The complaint continues with citations to cases, allegations of a conspiracy by unnamed "Attorneys General" for lack of enforcement of the Antitrust Act, that Defendants engaged in actions constituting the restraint of trade, and a general "conspiracy to interfere with civil rights." Plaintiffs describe an incident in general terms when the "defendants attempted to deprive Plaintiff's [sic] Jacklin Allison and Cheryl Edlin of their rights to work in other health care positions," and deprived plaintiffs' rights when "defendants approached . . . Judge . . . Gavin over the telephone."

Plaintiffs' complaint fails under the standards of Rule 8. The Complaint, brought by twenty-four named plaintiffs, one of whom is deceased, is verbose, convoluted, and extremely difficult to comprehend. In addition, many of the allegations are stated in conclusory fashion, and plaintiffs seek relief against unnamed individuals, entities, or government officials.  Such allegations do not give rise to a cognizable cause of action,

**REPORT AND RECOMMENDATION - 8**

nor does the complaint contain a plain statement showing that Plaintiffs are entitled to relief from the Association or any other defendant.

The lack of specificity is fatal. No attempt is made to match up any factual allegation and specific legal claim to specific defendants. The complaint does not contain dates or time frames, and is completely devoid of the "who, what, why, where, and when" necessary for the complaint to set forth a claim for relief. Moreover, it is entirely unclear what role or actions, if any, the Association has taken to deprive Plaintiffs of their ability to earn a living or of any Constitutional right.

Turning to the general allegations themselves, Plaintiffs were not deprived of any rights, constitutional or otherwise, by the enactment of the Freedom of Choice of Dentures Act. The Idaho Court of Appeals in *Board of Dentistry ex rel. State v. Clark*, 656 P.2d 148, 153 (Idaho Ct. App. 1982), held that the regulation of the practice of denturity was constitutional. The court noted that the recently passed Act would be implemented the following year. *Id.* And Idaho courts have consistently held that the legislature may regulate a profession for the protection of the public as a valid exercise of its police power. *Berry v. Koehler*, 369 P.2d 1010, 1016 (Idaho 1962). Furthermore, Plaintiffs have not identified what role the Association had in enacting the Act that would have violated Plaintiffs' rights. As near as the Court can tell, the Association is a non-governmental entity that advocates on behalf of the member dentists it serves, and is not responsible for implementing or enforcing Idaho's statutes and regulations governing the practice of denturity.

**REPORT AND RECOMMENDATION - 9**

Therefore, to the extent Plaintiffs imply that Idaho cannot regulate denturists, the Court rejects such contention. In addition to dismissing this matter under Fed. R. Civ. P. 8(a), the Court should dismiss this matter under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

4.      **Leave to Amend**

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The United States Court of Appeals for the Ninth Circuit has held that, "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether she "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

In light of the established case law, and upon review of the Complaint and the claims made, the Court will not recommend leave to amend the Compliant. The Court has reviewed the filings brought by Plaintiff Jacklin Allison, Keith Allison, and other named plaintiffs in other courts. Some of the same plaintiffs in other actions are named plaintiffs in this action, including the Allisons. Those five other actions are: (1) *Allison et.al. v. Members and Employees and their Marital Estates of Citizens for Affordable Dentures et.al.*, No. CV 06-1761-JLR, filed in the United States District Court for the Western

**REPORT AND RECOMMENDATION - 10**

District of Washington at Seattle in December of 2006; (2) *Allison et.al. v. Members and/or Employees of the American Dental Association*, No. 2:08-cv-03070-EFS, filed in the United States District Court for the Eastern District of Washington at Spokane in November of 2008; (3) *Allison et.al. v. Suko, et.al*, No. 2:10-cv-3031-RHW, filed in the Eastern District of Washington at Spokane in June of 2010; (4) *Keith Allison et. al. v. The American Dental Association et.al.*, No. 3:10-cv-5760-RBL, filed in the United States District Court for the Western District of Washington at Tacoma in October of 2010; and (5) *White et.al. v. American Dental Association, et.al.*, No. 3:10-cv-2087-L, filed in the United States District Court for the Northern District of Texas at Dallas on January 20, 2011.

In the first case filed in Western Washington, Judge Robart granted the American Dental Association's and other Defendants' motions to dismiss with prejudice, after twice giving plaintiffs leave to amend with instructions on how to correct their pleading deficiencies. The complaint in that action alleged that the defendants improperly advocated for licensing requirements, enacted the denturist legislation, and enforced Washington law, similar to the allegations in this matter.

In the second case, Judge Shea granted the American Dental Association's motion to dismiss the nearly identical lawsuit that Judge Robart had dismissed, this time on the grounds of res judicata and failure to state a claim. Judge Shea did not grant leave to amend other than for one named plaintiff who was not a party to the 2008 lawsuit. That plaintiff failed to file an amended complaint, and Judge Shea dismissed the matter.

**REPORT AND RECOMMENDATION - 11**

In the third case, Judge Whaley also entered an order of dismissal. This time, plaintiffs filed identical allegations as in the two prior cases, but against six federal judges, alleging that the judges had violated the plaintiffs' constitutional and common law rights to earn a living at their chosen occupation of the practice of denturity by virtue of their adverse rulings against plaintiffs. Judge Whaley referenced the two prior lawsuits, including the opportunities that the Washington District Courts had given to plaintiffs regarding the requirements for civil litigants. Judge Whaley's order included an order that the court not accept any filings presented to the court by Keith Allison without prior permission from the Court. Incidentally, Keith Allison is a named plaintiff in this matter, and he and Jacklin Allison have filed motions in this Court. (*See* Dkt. 3.)

In the fourth case filed in Washington, Judge Leighton granted the American Dental Association's motion to dismiss, noting that the plaintiffs' claims against the American Dental Association were fully litigated in Case No. CV06-1761-JLR and again in CV08-3070 and CV10-3031. Judge Leighton did not grant plaintiffs leave to amend, and entered an order prohibiting further filings by Keith Allison and the other named plaintiffs without leave from the court.

Not having had any success in Washington, the fifth case was filed by pro se plaintiff George White in Texas. Keith and Jacklin Allison, along with other named plaintiffs identical to earlier named plaintiffs in the prior cases, purported to join White's lawsuit on April 11, 2011. The complaint again made claims that the Association had denied plaintiff's constitutional rights to practice at his chosen profession of denturity. Judge Lindsay denied Allison's and the other "Plaintiffs'" request to join the White

**REPORT AND RECOMMENDATION - 12**

lawsuit, and granted the American Dental Association's and other named defendants' motions to dismiss with prejudice and without leave to amend.

Other courts have, therefore, considered similar claims brought by many of the same parties, and given them instructions on how to properly plead. In addition, given the Court's analysis above, it does not appear that an amendment can save Plaintiffs' complaint, because the Association is not responsible for passage or enforcement of the Freedom of Choice of Dentures Act.

## CONCLUSION

The Association has asserted other defenses such as issue preclusion (collateral estoppel) and claim preclusion (res judicata). As the Court has disposed of the motion to dismiss on other grounds, it determines that these defenses need not be addressed and declines to do so.

Plaintiffs have failed to serve the other "named" defendants in this lawsuit. These other defendants include all members of the Association, and "all other state dental associations and societies." Considering no other entity has been identified by name, there are no other defendants in this lawsuit. The Court may properly dismiss Plaintiffs' claims in their entirety.

The Association recommends that sanctions be entered against Plaintiffs. However, there is no evidence before the Court that the safe harbor provision of Rule 11was complied with. The Court will, however, recommend that if the Court adopts this recommendation, that the Court enter an order prohibiting Plaintiff Keith and Jacklin

Allison from further filings without leave from the Court, consistent with the orders entered by other courts in which the same or similar allegations have been dismissed.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Defendant's Motion to Dismiss (Dkt. 35) be **GRANTED**, and this case be dismissed in its entirety with prejudice.

2) Plaintiff's Motion to Submit Federal Trade Commission Decision (Dkt. 41) be **DENIED as MOOT**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **December 11, 2012**

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 14**