UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JACKLIN ALLISON, et al

Plaintiffs,

v.

THE AMERICAN DENTAL ASSOCIATION, et al

Defendants.

Case No. 2:12-CV-00160-EJL-CWD

**ORDER ON REPORT AND RECOMMENDATION**

On December 11, 2012, Chief United States Magistrate Judge Candy W. Dale issued a Report and Recommendation in this matter. (Dkt. 43.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. Plaintiff filed a pleading entitled "Motion to Submit Plaintiff's Response to Defendant's Report and Recommendation" on December 26, 2012. (Dkt. 44). Judge Dale determined Plaintiff's Motion to be Moot as it was really an objection that could be addressed by the District Court. (Dkt. 45.) The matter is now ripe for the Court's consideration.

**DISCUSSION**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Where the parties object to a report and recommendation, this Court shall make a de novo determination of those portions of the report which objection is made. *Id*. Where, however, no objections are filed the district court need not conduct a de novo review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R.

Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)). In this case, the objections were filed so the Court is required to conduct a de novo determination of the Report and Recommendation.

**BACKGROUND**

The Court adopts Judge Dale's factual background:

> On March 29, 2012, Plaintiffs filed a complaint against the above named defendants alleging various constitutional violations related to Plaintiffs' practice of denturity. (Dkt. 1.) Plaintiff Jacklin Allison is the only named plaintiff who signed the complaint, although a signature page was submitted later, on September 6, 2012. (Dkt. 1, 17.) The Complaint appears to allege that all named defendants have "defraud[ed] plaintiff's [sic] of their Rights to labor at their chosen occupation" and have monopolized the provision of dentures directly to the public by the enactment of state statutes. The complaint does not specifically identify any particular state statute, and appears to be directed at legislation in all fifty states. Plaintiffs contend that the "dental practice acts," without specifically identifying any particular act, are unconstitutional because they prohibit anyone except a licensed dentist from providing denture services to the public.
>
> Although Plaintiffs named the American Dental Association, "all" state dental associations, and their "members" in generic terms, only the American Dental Association received notice of this lawsuit. A Summons was returned executed on June 29, 2012. The Proof of Service indicated that the summons was served by Billy Nash on June 4, 2012, by leaving the summons with Madeline Gangnes at the American Dental Association's office at 211 East Chicago Ave., in Chicago, Illinois.
>
> The affidavit of Gangnes filed in support of the Association's motion to dismiss contains a true and correct copy of the packet left with the Association receptionist on June 7, 2012. Gangnes is currently employed by the Association as a coordinator in the legal division. The pleading left with the Association is slightly different than the form filed with the Court. For instance, the pleading left with the Association contains an e-mail address regarding "DouglasK" from "spcomgp@q.com," which is not contained in the caption filed with this Court. Further, the Complaint and Summons left with the Association were unsigned.

The Association's motion seeks dismissal of Plaintiffs' complaint on four grounds. First, the Association alleges lack of effective service under Fed. R. Civ. P. 12(b)(5). Second, the Association contends that the Plaintiffs' claims do not meet the pleading standards under Rule 8(a) and Rule 10. Third, the Association asserts that the complaint fails to state a claim under Rule 12(b)(6). And finally, the Association cites several cases, five in all, wherein identical claims Plaintiffs brought against the Association have been dismissed in other jurisdictions.[1] The Association therefore argues that principles of res judicata bar Plaintiff's claims, and attach the various decisions considering similar matters. The Association contends that Plaintiffs should not be given leave to amend.

Plaintiff Jacklin Allison filed a response on October 24, 2012, which did not directly address the Association's arguments. Rather, Allison contends that the Association's arguments are "nothing but a bald faced lie in order to avoid allowing this case to proceed to a trial by a jury of our peers.

ANALYSIS

Because Plaintiff Allison (the only plaintiff who signed the Complaint) is appearing pro se, this Court will liberally construe the pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). Even construing Plaintiffs' Complaint liberally, the Court agrees with Judge Dale that the Complaint is "verbose, convoluted, and extremely difficulty to comprehend." Report and Recommendation, p. 8. Regardless, pro se litigants are held to same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

---

[1]The Court may take judicial notice of matters of public record filed in other district courts, including judicial decisions.

Plaintiff Jacklin Allison generally objects to the alleged actions of Defendant to use their financial resources to deprive her and Keith Allison of their constitutional rights. Specifically, Plaintiff Jacklin Allison claims Defendants illegally incarcerated Keith Allison which is an example of the violation of their civil rights. However, this allegation is without recourse as the named Defendants are not governmental actors with the authority to incarcerate individuals. Congress has created a cause of action against private individuals who, while acting under color of law, violate the constitutional rights of private citizens. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, […] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivations of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured.

*Id.* In order for a plaintiff to prevail on a § 1983 claim they must show that (1) the actor that deprived them of their rights acted under color of law and (2) the action actually deprived them of a constitutional right. The named Defendants are not alleged to have been acting under color of law which means state action, not action by a non-governmental organization the American Dental Association.

Moreover, the Court finds the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a)(2). The lack of specificity in the Complaint is fatal. Further, Plaintiffs have failed to allege a violation of their constitutional rights since the Idaho Court of Appeals has determined as a matter of law that the regulation of the practice of denturity is constitutional. Board of Dentistry ex rel. State v. Clark, 565 P.2d 148, 153 (Idaho Ct. App. 1982). Therefore, the

Complaint does not set forth a claim that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Mere conclusory statements by Plaintiff are insufficient establish the elements for a constitutional challenge to Idaho's regulation of the practice of denturity. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Therefore, the Complaint must be dismissed with prejudice.

The Court also agrees with Judge Dale that dismissal without leave to amend is proper since it is beyond doubt the Complaint could not be saved by any amendment. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940,946 (9th Cir. 2005).

Because the Court finds the Report and Recommendation of Judge Dale to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Dale. The objections of Plaintiffs are denied. Acting on the recommendation of Judge Dale, and this Court being fully advised in the premises,

**ORDER**

**IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss (Dkts. 34 and 35) are GRANTED and this case is DISMISSED IN ITS ENTIRETY.

2. Plaintiff's Motion to Submit Federal Trade Commission Decision (Dkt. 41) is DENIED AS MOOT.

DATED: **April 4, 2013**

Honorable Edward J. Lodge
U. S. District Judge